IN THE SUPREME COURT OF THE STATE OF DELAWARE

DARRYL GRAYSON, § §
§
Defendant Below, § No. 165, 2021
Appellant, §
§ Court Below—Superior Court
v. § of the State of Delaware
§
STATE OF DELAWARE, § Cr. ID No. 1809000343 (N)
§
Plaintiff Below, §
Appellee. §

Submitted: June 22, 2021
Decided: August 10, 2021

Before **SEITZ,** Chief Justice; **VALIHURA** and **MONTGOMERY-REEVES**, Justices.

## <u>ORDER</u>

After consideration of the appellant's opening brief, the State's motion to affirm, and the record on appeal, it appears to the Court that:

(1) The appellant, Darryl Grayson, appeals from the Superior Court's denial of his first motion for postconviction relief. The State has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Grayson's opening brief that the appeal is without merit. We agree and affirm.

(2) The record reflects that in 2018 a grand jury indicted Grayson on racketeering and drug-dealing charges and related offenses. The charges arose following a months-long wiretap investigation of a heroin-distribution operation.

Grayson moved to suppress evidence arising from the wiretaps, arguing that when seeking the orders authorizing the wiretaps, the State failed to set forth adequate justification for the necessity of the wiretaps and lacked probable cause to support the applications to intercept wire communications. The Superior Court denied the suppression motion at a hearing on September 13, 2019.

(3) On October 21, 2019, Grayson pleaded guilty to one count of criminal racketeering and one count of Tier 4 drug dealing. After a presentence investigation, the Superior Court declared Grayson to be an habitual offender and sentenced him to a total of thirty-three years' incarceration, suspended after fifteen years for decreasing levels of supervision. Grayson did not file a direct appeal.

(4) On January 6, 2021, Grayson filed a motion for postconviction relief. Grayson argued that his counsel provided ineffective assistance because he did not make certain arguments in support of the suppression motion and did not appeal the denial of the suppression motion. He also argued that his sentence was disproportionate to those of his co-defendants and that he had a right to review all materials leading to his convictions. The Superior Court denied the motion, and Grayson has appealed to this Court.

(5) This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[1] The Court must consider the

---

[1] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

procedural requirements of Superior Court Criminal Rule 61 before addressing any substantive issues.[2]

(6) Grayson's claim of ineffective assistance of counsel was not procedurally barred.[3] To prevail on a claim of ineffective assistance of counsel within the context of a guilty plea, Grayson was required to show that (i) his counsel's conduct fell below an objective standard of reasonableness, and (ii) there is a reasonable probability that, but for the alleged errors of counsel, he would not have pleaded guilty and would have insisted on going to trial.[4] A defendant must make concrete allegations of cause and actual prejudice to substantiate a claim of ineffective assistance of counsel.[5] Although not insurmountable, there is a strong presumption that counsel's representation was professionally reasonable.[6]

(7) Grayson's counsel sought to suppress the evidence garnered through the wiretap investigation, arguing that the State did not adequately establish the necessity of the wiretaps and lacked probable cause to support the applications to intercept wire communications. The Superior Court denied the motion to suppress, and Grayson ultimately chose to plead guilty instead of going to trial and, if convicted, appealing the denial of the motion to suppress. "A knowing and

---

[2] *Perez v. State*, 2021 WL 1169826 (Del. Mar. 26, 2021).
[3] *Id.*
[4] *Duffy v. State*, 2019 WL 459982 (Del. Feb. 5, 2019).
[5] *Id.*
[6] *Albury v. State*, 551 A.2d 53, 59 (Del. 1988).

voluntary guilty plea waives a defendant's right to challenge any errors occurring before the entry of the plea (except a lack of subject matter jurisdiction), including those of constitutional dimensions."[7] Grayson does not challenge any aspect of his guilty plea or the plea colloquy. Grayson faced multiple charges and substantially more prison time if convicted; thus, the guilty plea, even with the enhanced sentencing as an habitual offender, clearly benefited him.[8] Grayson has failed to show that his counsel's representation fell below an objective standard of reasonableness or that he would have insisted on going to trial but for the alleged errors.[9]

(8)    As for Grayson's claim that his sentence was disproportionate compared to the sentences imposed on his co-defendants, the Superior Court correctly determined that the claim was procedurally barred. Superior Court Criminal Rule 61(i)(3) provides that any postconviction claim that was not raised in the proceedings leading to the judgment of conviction is thereafter barred unless the defendant can establish cause for relief from the procedural default and prejudice from violation of the movant's rights. Grayson did not raise this claim in a direct appeal, nor has he stated any cause for his failure to do so.

---

[7] *Perez*, 2021 WL 1169826, at *2.
[8] *Jobes v. State*, 2019 WL 949374 (Del. Feb. 25, 2019).
[9] *Perez*, 2021 WL 1169826, at *2.

(9)     Finally, asserting that he has a "right to review all proceedings leading up to his conviction," Grayson requests that the Court order that he be provided with a copy of his sentencing transcript, "any and all affidavits," a "copy of all handwritten reports," and a copy of the order denying his suppression motion. Although indigent defendants have a right to transcripts at State expense on direct appeal, they do not have an absolute right to transcripts at State expense in postconviction proceedings.[10] We conclude that Grayson has not demonstrated good cause for the provision of the transcripts and other requested documents at State expense, and the Superior Court did not abuse its discretion by denying his similar request to that court.[11]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED, and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[10] *Demby v. State*, 2014 WL 4898138, at *2 (Del. Sept. 29, 2014).
[11] *See id.* at *2 ("Absent a showing of good cause, it was within the Superior Court's discretion to deny Demby's request for transcripts at State expense.").

5